FARMERS' & GINNERS' COTTON OIL CO.
v. CLEBURNE OIL MILL CO.
(No. 5685.)

(Court of Civil Appeals of Texas. San Antonio.
June 7, 1916. Rehearing Denied
June 27, 1916.)

1. SALES ☞22(3)—CONTRACTS—ACCEPTANCE.

An oil company could not be bound by a broker's contract or memorandum of sale of oil to the plaintiff, unless it accepted the terms of the contract; and, if it did not accept the terms and notified the plaintiff through the broker, it owed no duty whatever to the plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 41; Dec. Dig. ☞22(3); Contracts, Cent. Dig. §§ 71, 75.]

2. SALES ☞53(2) — ACTION FOR BREACH OF CONTRACT—QUESTION FOR JURY.

In an action for the breach of a contract for the sale of oil to the plaintiff, evidence *held* to make the defendant's acceptance of the contract a question for the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 148; Dec. Dig. ☞53(2).]

Appeal from Travis County Court; Wm. Von Rosenberg, Jr., Judge.

Action by the Cleburne Oil Mill Company against the Farmers' & Ginners' Cotton Oil Company. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded.

Lightfoot, Brady & Robertson, of Austin, for appellant. Hart & Woodward, of Austin, for appellee.

SWEARINGEN, J. Appellee alleged: That on September 16, 1913, it purchased of and from appellant, through Early-Foster Company, of Waco, Tex., as broker, 5 tanks of prime, crude, cotton-seed oil at 42 cents per gallon delivered f. o. b. cars at Wolfe City, Tex.; said contract being evidenced by a written confirmation in triplicate, executed by said broker on said date. That such execution by the said broker of said contract was accepted and ratified by appellee and appellant as the act and deed of each of said parties. Appellee alleged a breach of the contract by appellant and sued for $480 damages. Appellant denied that it contracted with appellee to deliver the five tanks of cotton-seed oil f. o. b. cars at Wolfe City, Tex. Answered that the memorandum made by the broker was forwarded to appellant for acceptance, but immediately upon receipt of the memorandum, appellant refused to accept the contract as written in the memorandum of sale by the broker and immediately notified the broker that it would not accept the contract. And appellant further averred that the broker promptly notified the appellee that appellant refused to accept the contract as written in the memorandum of sale. Several other issues were pleaded by both parties, which, under our view of the case, need not be stated. Upon motion by appellee, the court gave a peremptory instruction to return a verdict in favor of appellee for

$480, upon which verdict the court rendered judgment against appellant.

All six of appellant's assignments very properly complain that the trial court erred by giving to the jury the peremptory instruction to return a verdict in favor of appellee.

[1] It is elementary that appellant could not be bound to appellee by the contract unless appellant accepted the terms of the contract. If appellant did not accept the terms of the memorandum of sale, and notified appellee thereof through the broker immediately, he owed no contract duty whatever to appellee, whether usage or custom, or broker's memorandum, or rules of the Cotton Crushers' Association. Appellant neither owed the duty to appellee to sell it oil, nor to notify it when or where to send empty tank cars to receive appellant's oil.

[2] The question, whether appellant accepted the contract or not, was the issue made by the pleadings, and there was certainly a conflict in the testimony upon that fundamental issue. The broker in Waco wrote out the memorandum of sale, which, among other things, stated that the oil was to be f. o. b. Wolfe City. A triplicate of this memorandum was sent to appellant at Austin, Tex., for confirmation, and a triplicate copy to appellee for confirmation or acceptance. There is no conflict in the evidence as to these recited facts. However, whether or not appellant accepted the memorandum of sale is sharply contested. That appellant did not accept the memorandum of sale is positively testified to by the manager of appellant, whose duty it was to make sale contracts for appellant, and who testified that immediately upon receipt of the memorandum of sale he phoned the broker that appellant would not accept the sale; that it would not sell f. o. b. Wolfe City. In this testimony the manager was corroborated by the testimony of the broker himself, who testified that appellant's manager immediately notified him that appellant would not accept the sale contract to deliver oil f. o. b. Wolfe City, and the broker further testified that he notified appellee promptly that appellant refused to accept the sale contract. On the other hand, the manager for appellee testified that he never heard or knew that appellant refused to accept the sales contract, and relied upon the triplicate memorandum of sale dated September 16, 1913, which he had received.

This illustrates the conflict in the testimony upon the issue of acceptance by appellant of the sale contract, but is by no means all the circumstances shown by the testimony. To determine this issue was absolutely essential to a determination of the case. It was the exclusive province of the jury to determine the issue from the conflicting testimony. It seems from the evidence that appellant thought it had a contract for delivery f. o. b. cars at Austin, whereas ap-

pellee thought it had a contract requiring delivery f. o. b. Wolfe City, and both traveled their respective divergent routes in their dealings after September 16, 1913, and naturally separated further and further. If this be true, there never was any agreement between the parties.

The assignments are correctly taken and are sustained.

The judgment of the trial court is reversed, and the cause remanded.